```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

_____
LUIS CANO,                          )
                     Plaintiff,     )
                                    )
          v.                        ) Civil Action No. 04-935 (EGS)
                                    )
DRUG ENFORCEMENT ADMINISTRATION,    )
                                    )
                     Defendant.     )
_____)

## MEMORANDUM OPINION

Plaintiff, Luis Cano, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, and the Privacy Act, 5 U.S.C. § 552a. Specifically, plaintiff alleges that DEA violated FOIA and the Privacy Act when it denied his requests for information related to Special Agent Mark Minelli. The DEA refused to confirm or deny the existence of any responsive records regarding Agent Minelli, pursuant to FOIA Exemptions (b)(6); (b)(7)(C); and (b)(7)(F). Pending before the Court are the parties' Cross Motions for Summary Judgment. Upon consideration of the parties' motions, the responses and replies thereto, and the entire record, the Court concludes that the documents were properly withheld under Exemptions (b)(6) and (b)(7)(C). Therefore, defendant's motion for summary judgment is **GRANTED** and plaintiff's motion for summary judgment is **DENIED.**

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

By a letter dated October 15, 2003, plaintiff submitted a FOIA request to the Department of Justice seeking "all

information concerning Special Agent Mark Minelli, including but not limited to: interviews, memorandums, Internal Affairs Investigations, reprimands, sanctions, and/or full disclosure and release of any data contained in the files of said person." *See* Defendant's motion for summary judgment, Ex. A. On October 23, 2003, DEA acknowledged receipt of the plaintiff's request. Defendant's motion for summary judgment, Ex. B.  Without confirming or denying the existence of records relating to Special Agent Mark Minelli, the plaintiff was informed that proof of death or a release of authorization was required before any information would be released, and he was informed of his appellate rights. *Id.*

By letter dated November 17, 2003, plaintiff filed an administrative appeal of the FBI's denial of his request with the Office of Information and Privacy of the United States Department of Justice ("OIP"). Defendant's motion for summary judgment, Ex. C. Plaintiff's appeal argued that there was a public interest in investigating allegations of misconduct by Agent Minelli, and plaintiff alleged the misconduct resulted in plaintiff's conviction in a criminal case in the Southern District of Florida. *Id.* On January 21, 2004, OIP affirmed the DEA's decision to neither confirm nor deny the existence of records regarding Agent Minelli pursuant to 5 U.S.C. § 552(b)(7)(C) and (7)(F). Defendant's motion for summary judgment, Ex. D.

On June 8, 2004, plaintiff, acting *pro se*, filed this action to the United States District Court for the District of Columbia. On September 7, 2005, defendant filed a motion for summary judgment. On October 11, 2005, plaintiff filed his opposition. On December 12, 2005, plaintiff requested that the Court construe the October 11 pleading as a cross motion for summary judgment. The Court will do so. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)(holding pleadings filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers).

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate if the pleadings together with any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining whether the movant has met this burden, a court must consider all factual inferences in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Burka v. United States Dep't of Health & Human Servs.*, 87 F.3d 508, 514 (D.C. Cir. 1996). In FOIA cases, the courts may, and often do, grant summary judgment on

the basis of government affidavits or declarations that explain how requested information falls within a claimed exemption, as long as the affidavits or declarations are sufficiently detailed, non-conclusory, and submitted in good faith, and as long as the plaintiff has no significant basis for questioning their reliability. *Goland v. Central Intelligence Agency*, 607 F.2d 339, 352 (D.C. Cir. 1978); *see also Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 861 (D.C. Cir. 1980).

### III. DISCUSSION

The purpose of FOIA is to "facilitate public access to Government documents" and "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Beck v. Dep't of Justice*, 997 F.2d 1489, 1490 (D.C. Cir. 1993). Although FOIA's disclosure requirements are generally broad, Congress has exempted nine categories of documents from FOIA's scope. 5 U.S.C. § 552(b).

In this case, the government invokes the protection of (b)(6) and (b)(7)(C). Exemption (b)(6) sets forth an exemption for personnel and medical files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(6). Exemption (b)(7)(C) applies to "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an

unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). In applying Exemption 7(C), this Court must "balance the privacy interests that would be compromised by disclosure against the public interest in release of the requested information." *Davis v. Dep't of Justice*, 968 F.2d 1276, 1281 (D.C. Cir. 1992). The exemption applies only if the invasion of privacy that would result from the release of the information outweighs the public interest in disclosure. *See Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 762 (1989). The Second Circuit has noted under circumstances similar to this case that "[i]n this weighing process, it must be remembered that it is the interest of the general public, and not that of the private litigant, that must be considered." *Brown v. FBI*, 658 F.2d 71, 75 (2d. Cir. 1981)(citing *Ditlow v. Shultz*, 517 F.2d 166, 171-72 (D.C. Cir. 1975)).

To exempt documents under Exemption 7(C), defendant must initially demonstrate that any records at issue would be compiled for law enforcement purposes. *See John Doe Agency v. Jon Doe Corp.*, 493 U.S. 146, 148 (1989). Plaintiff does not appear to dispute defendant's contention that the records deemed responsive that are contained in the DEA Investigative Reporting and Filing System, and the Inspection and Planning Records, to the extent that they involved criminal offenses, are criminal investigative records and that the records were compiled during criminal law

enforcement investigations by DEA. Declaration of William C. Little, Jr. at ¶¶ 16, 21; Plaintiff's Opposition at 3-5.

Regardless of whether the remaining documents are analyzed under the (b)(6) or (b)(7)(C) balancing tests, the privacy concerns in this case are substantial and the public interest is virtually non-existent. First, plaintiff seeks official information from the government on a particular individual. The fact that his identity is known to plaintiff does not lessen the individual's privacy interests in the files. *See Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1491 (D.C. Cir. 1984). This Circuit has found a general privacy interest in the personnel related files of government employees. *See, e.g., Ripskis v. Dep't of Housing and Urban Development*, 746 F.2d 1, 3-4 (D.C. Cir. 1984). If plaintiff's allegations are true, and Agent Minelli's files will reveal that he has a criminal history, Agent Minelli has a "strong privacy interest" in the non-disclosure of those records. *See Reporter's Comm.*, 489 U.S. at 763. Moreover, for those documents withheld pursuant to Exemption 7(C), the Court must also consider "the stigma potentially associated with law enforcement investigations and affords broader privacy rights to suspects, witnesses, and investigators." *Bast v. Dep't of Justice*, 665 F.2d 1251, 1254 (D.C. Cir. 1981).

Second, plaintiff's interest is, at bottom, that of a private litigant, and he has not articulated any cognizable

public interest. *See Brown*, 658 F.2d at 75. Plaintiff's primary purpose is personal: he hopes to obtain evidence to mount a collateral attack on his conviction. Plaintiff repeatedly alleges that Agent Minelli committed perjury in a grand jury proceeding that resulted in the wrongful indictment of plaintiff. Plaintiff's Opposition at 8-10, plaintiff's motion to supplement the record, plaintiff's response to defendant's reply at 8. Plaintiff's purported "evidence" of misconduct centers on the criminal proceedings in his own case. *See* plaintiff's motion to supplement the record at 1 (alleging Agent Minelli orchestrated "grand jury proceedings and perjury resulting in plaintiff's arrest and charges of 150 kilograms of cocaine that Agent Minelli knew were not plaintiff[']s."). Although plaintiff attempts to characterize the interest in Agent Minelli's conduct as "public," all of plaintiff's allegations, when they contain any specificity at all, relate solely to his own criminal case. *See* plaintiff's response to defendant's reply at 8.

Even assuming plaintiff's primary purpose was not to challenge his conviction but to prove government impropriety, plaintiff has not presented sufficient factual basis for the Court to question DEA's performance of its duties. The threshold for plaintiffs seeking law-enforcement related information about third parties under the auspices of revealing government misconduct is extremely high. *See SafeCard Service, Inc. v. SEC*,

926 F.2d 1197, 1206 (D.C. Cir. 1991). Under Exemption 7(C), when the asserted public interest is "to show that responsible officials acted negligently or otherwise improperly in the performance of their duties, the request must establish more than a bare suspicion in order to obtain disclosure. Rather, the requester must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety occurred." *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 174 (2004).

Plaintiff's evidence does not even come close to meeting this threshold. Most of what plaintiff provides are documents on the public record that merely confirm that his criminal trial occurred. *See* plaintiff's motion to supplement the record. Plaintiff also provided the Court with selected pages of transcripts from his criminal trial, but those transcripts actually undermine plaintiff's arguments. In the excerpt provided to the Court, the Court in the Southern District of Florida agreed with the government that the information at issue in plaintiff's conviction (and, presumably, what plaintiff seeks in this litigation) "is not a matter that goes to the guilt or innocence of Mr. Cano in any sense whatsoever." Plaintiff's Motion to Supplement, Ex. A.

When weighing the privacy interests against plaintiff's purely personal interests in challenging his conviction, the

balance clearly favors non-disclosure. The documents withheld in this case are properly exempted from production under Exemptions (b)(6) and (b)(7)(C).

## IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is **GRANTED** and plaintiff's motion for summary judgment is **DENIED**.  An appropriate Order accompanies this Memorandum Opinion.

**Signed by:**     **EMMET G. SULLIVAN**
                   **UNITED STATES DISTRICT JUDGE**
                   **May 24, 2006**